RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82760
Marc A. Fenster, State Bar No. 181067
Brian D. Ledahl, State Bar No. 186579
Alexander C.D. Giza, State Bar No. 212327
J. Power Hely VI, State Bar No. 271231
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:   (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff
SPH AMERICA, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC<br><br>Defendants. | Case No.  '14CV1474 AJB  JLB<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

RUSS, AUGUST & KABAT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Plaintiff SPH America, LLC ("SPH" or "Plaintiff") makes the following allegations against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC. (collectively "Samsung" or "Defendants").

**I.    PARTIES**

1.    Plaintiff SPH America, LLC is a Virginia limited liability company having a principal place of business at 8133 Leesburg Pike, Suite 310, Vienna, Virginia 22182.

2.    Defendant Samsung Electronics Co., Ltd. is a Korean corporation with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, Republic of Korea. On information and belief, Samsung Electronics Co., Ltd. is South Korea's largest company and one of Asia's largest electronics companies. Samsung Electronics Co., Ltd. designs, manufactures, and provides to the U.S. and world markets a wide range of products, including consumer electronics, computer components, mobile devices, and entertainment products.

3.    Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, Samsung Electronics America, Inc. is a wholly-owned subsidiary of Samsung Electronics Co., Ltd., and markets, sells, or offers for sale a variety of consumer electronics products. On information and belief, SEA also manages the North American operations of Samsung Telecommunications America, LLC, Samsung Semiconductor Inc., Samsung Information Systems America, and Samsung Austin Semiconductor.

4.    Defendant Samsung Telecommunications America, LLC is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081. On information and belief, Samsung Telecommunications America, LLC was founded in 1996 as a subsidiary

of Samsung Electronics Co., Ltd., and markets, sells, or offers for sale a variety of personal and business communications devices in the United States, including mobile handsets for use on a wireless network.

**II.    JURISDICTION AND VENUE**

5.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due to having availed itself of the rights and benefits of California by engaging in activities, including: (i) conducting substantial business in this forum; and (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

7.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, Defendant has engaged in activities including: transacting business in this district and purposefully directing its business activities, including the sale of infringing goods, to this district.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. RE 40,385**

8.    Plaintiff SPH realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

9.    Plaintiff SPH is the exclusive licensee of United States Patent No. RE 40,385 ("the '385 patent") titled "Orthogonal Complex Spreading Method For Multichannel And Apparatus Thereof."  The '385 patent was duly and legally issued by the United States Patent and Trademark Office on June 17, 2008.  SPH is the exclusive licensee, possessing all substantial rights, to the '385 patent pursuant

1   to a license from the Electronics and Telecommunications Research Institute, a

2   South Korean non-profit research organization, the owner of the '385 patent.

3       10.    On information and belief, Samsung makes and sells mobile handsets

4   for use on a wireless network.

5       11.    On information and belief, Samsung has infringed and continues to

6   infringe the '385 patent by, among other things, making, using, offering for sale,

7   and/or selling unlicensed systems, and products and/or services related thereto,

8   covered by one or more claims of the '385 patent.  Such unlicensed products

9   include, by way of example and without limitation, the Samsung ATIV Odyssey,

10   the Samsung Epic 4G, the Samsung Galaxy, the Samsung Galaxy Light, the

11   Samsung Galaxy Stratosphere II, the Samsung Galaxy Mega, the Samsung Galaxy

12   Note II, the Samsung Galaxy Note III, the Samsung Galaxy Prevail, the Samsung

13   Galaxy Prevail 2, the Samsung Galaxy Rush, the Samsung Galaxy S, the Samsung

14   Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Galaxy S III

15   Mini, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4

16   Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung

17   Galaxy Exhibit, the Samsung Galaxy Mega, the Samsung Transform Ultra, the

18   Samsung Gravity Q, and the Samsung Replenish, all of which are covered by one

19   or more claims of the '385 patent, including but not limited to claim 31.  By

20   making, using, offering for sale, and/or selling such systems, and products and/or

21   services related thereto, covered by one or more claims of the '385 patent,

22   Samsung has injured SPH and is liable to SPH for infringement of the '385 patent

23   pursuant to 35 U.S.C. § 271.

24       12.    Samsung was placed on notice of its infringement of the '385 Patent

25   no later than approximately December 29, 2010.

26       13.    On information and belief, Samsung has also infringed the '385 patent

27   by inducing others, including users of its wireless handsets, to infringe one or more

28   claims of the '385 patent in violation of 35 U.S.C. § 271(b).

RUSS, AUGUST & KABAT

14.     On information and belief, Samsung takes active steps to induce its customers to infringe the '385 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '385 patent.  For example, and without limitation, on information and belief, Samsung advertises that customers can utilize mobile devices to communicate using its network services for 3G communications enabled pursuant to CDMA2000 technology or WCDMA technology.  Since December of 2010, Samsung has had actual knowledge of the '385 patent and that the use of products and services by its customers constituted direct infringement of the '385 patent.  Despite this knowledge, Samsung has continued to offer its infringing products, to facilitate and encourage infringing use of its products, and to encourage its customers to use its products and services in a manner that infringes the '385 patent.

15.     On information and belief, Samsung has also infringed the '385 patent by contributing to the infringement of others, including users of its handsets, to infringe one or more claims of the '385 patent in violation of 35 U.S.C. § 271(c).

16.     On information and belief, Samsung sells devices that are a component of the patented invention of the '385 patent or an apparatus for use in practicing a patented process of the '385 patent and they are especially made or especially adapted for use in infringement of the '385 patent.  In particular, the mobile handsets sold and offered for sale by Samsung are apparatus for use in practicing one or more claimed processes of the '385 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '385 patent, including through use in communications using CDMA2000 technology or WCDMA technology.  Samsung sold these devices despite its knowledge that they were especially made or especially adapted for use in

RUSS, AUGUST & KABAT

infringement of the '385 patent.  Samsung was put on notice of the infringing nature of these goods since at least December of 2010.

17.     Samsung undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '385 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least December 29, 2010, Samsung has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '385 patent and that the '385 patent is valid.  Despite that knowledge, on information and belief, Samsung has continued its infringing activities.  As such, Samsung willfully infringed the '385 patent.

18.     As a result of Samsung's infringement of the '385 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, enhancement of damages due to Samsung's willful infringement, and interest and costs as fixed by the Court.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. RE 40,253**

19.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-16 above, as if fully set forth herein.

20.     Plaintiff SPH is the exclusive licensee of United States Patent No. RE 40,253 ("the '253 patent") titled "Apparatus For Making A Random Access To the Reverse Common Channel Of A Base Station In CDMA And Method Therefor." The '253 patent was duly and legally issued by the United States Patent and Trademark Office on April 22, 2008.  SPH is the exclusive licensee, possessing all substantial rights, to the '253 patent pursuant to a license from the Electronics and

Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '253 patent.

21.     On information and belief, Samsung makes and sells mobile handsets for use on a wireless network.

22.     On information and belief, Samsung has infringed and continues to infringe the '253 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '253 patent.  Such unlicensed products include, by way of example and without limitation, the Samsung Galaxy, the Samsung Galaxy Light, the Samsung Galaxy Mega, the Samsung Galaxy Note II, the Samsung Galaxy Note III, the Samsung Galaxy S, the Samsung Galaxy S II, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4 Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung Galaxy Exhibit, the Samsung Galaxy Mega, and the Samsung Gravity Q, all of which are covered by one or more claims of the '253 patent, including but not limited to claim 34.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '253 patent, Samsung has injured SPH and is liable to SPH for infringement of the '253 patent pursuant to 35 U.S.C. § 271.

23.     Samsung was placed on notice of its infringement of the '253 Patent no later than approximately December 29, 2010.

24.     On information and belief, Samsung has also infringed the '253 patent by inducing others, including users of its wireless handsets, to infringe one or more claims of the '253 patent in violation of 35 U.S.C. § 271(b).

25.     On information and belief, Samsung takes active steps to induce its customers to infringe the '253 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling

6

products and/or services that when used as intended infringe the '253 patent. For example, and without limitation, on information and belief, Samsung advertises that customers can utilize its mobile devices for 3G communications enabled pursuant to WCDMA technology. Since at least December of 2010, Samsung has had actual knowledge of the '253 patent and that the use of products and services by its customers constituted direct infringement of the '253 patent. Despite this knowledge, Samsung has continued to offer its infringing products, to facilitate and encourage infringing use of its products, and to encourage its customers to use its products and services in a manner that infringes the '253 patent.

26.   On information and belief, Samsung has also infringed the '253 patent by contributing to the infringement of others, including users of its wireless handsets, to infringe one or more claims of the '253 patent in violation of 35 U.S.C. § 271(c).

27.   On information and belief, Samsung sells devices that are a component of the patented invention of the '253 patent or an apparatus for use in practicing a patented process of the '253 patent and they are especially made or especially adapted for use in infringement of the '253 patent. In particular, the mobile handsets sold and offered for sale by Samsung are apparatus for use in practicing one or more claimed processes of the '253 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '253 patent, including through use in communications using WCDMA technology. Samsung sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '253 patent. Samsung was put on notice of the infringing nature of these goods since at least December of 2010.

28.   Samsung undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '253

patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least December of 2010, Samsung has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '253 patent and that the '253 patent is valid. Despite that knowledge, on information and belief, Samsung has continued its infringing activities.  As such, Samsung willfully infringed the '253 patent.

29.     As a result of Samsung's infringement of the '253 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, enhancement of damages due to Samsung's willful infringement, and interest and costs as fixed by the Court.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 7,443,906

30.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-27 above, as if fully set forth herein.

31.     Plaintiff SPH is the exclusive licensee of United States Patent No. 7,443,906 ("the '906 patent") titled "Apparatus and Method For Modulating Data Message by Employing Orthogonal Variable Spreading Factor (OVSF) Codes In Mobile Communication System."  The '906 patent was duly and legally issued by the United States Patent and Trademark Office on October 28, 2008.  SPH is the exclusive licensee, possessing all substantial rights, to the '906 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '906 patent.

32.     On information and belief, Samsung makes and sells mobile handsets for use on a wireless network.

33.     On information and belief, Samsung has infringed and continues to infringe the '906 patent by, among other things, making, using, offering for sale,

RUSS, AUGUST & KABAT

8

and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '906 patent.  Such unlicensed products include, by way of example and without limitation, the Samsung Galaxy, the Samsung Galaxy Light, the Samsung Galaxy Mega, the Samsung Galaxy Note II, the Samsung Galaxy Note III, the Samsung Galaxy S, the Samsung Galaxy S II, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4 Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung Galaxy Exhibit, the Samsung Galaxy Mega, and the Samsung Gravity Q, all of which are covered by one or more claims of the '906 patent, including but not limited to claim 14.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '906 patent, Samsung has injured SPH and is liable to SPH for infringement of the '906 patent pursuant to 35 U.S.C. § 271.

34.     Samsung was placed on notice of its infringement of the '906 Patent no later than approximately December 29, 2010.

35.     On information and belief, Samsung has also infringed the '906 patent by inducing others, including users of its wireless handsets to infringe one or more claims of the '906 patent in violation of 35 U.S.C. § 271(b).

36.     On information and belief, Samsung takes active steps to induce its customers to infringe the '906 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '906 patent.  For example, and without limitation, on information and belief, Samsung advertises that customers can utilize its mobile devices to communicate using 3G communications enabled pursuant to WCDMA technology.  Since at least December of 2010, Samsung has had actual knowledge of the '906 patent and that the use of products and services by its customers constituted direct infringement of

RUSS, AUGUST & KABAT

the '906 patent.  Despite this knowledge, Samsung has continued to offer its infringing products, to facilitate and encourage infringing use of its products, and to encourage its customers to use its products and services in a manner that infringes the '906 patent.

37.    On information and belief, Samsung has also infringed the '906 patent by contributing to the infringement of others, including users of its wireless handsets, to infringe one or more claims of the '906 patent in violation of 35 U.S.C. § 271(c).

38.    On information and belief, Samsung sells devices that are a component of the patented invention of the '906 patent or an apparatus for use in practicing a patented process of the '906 patent and they are especially made or especially adapted for use in infringement of the '906 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by Samsung are apparatus for use in practicing one or more claimed processes of the '906 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '906 patent, including through use in communications using WCDMA technology.  Samsung sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '906 patent.  Samsung was put on notice of the infringing nature of these goods since at least December of 2010.

39.    Samsung undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '906 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least December of 2010, Samsung has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '906 patent and that the '906 patent is valid.

1   Despite that knowledge, on information and belief, Samsung has continued its

2   infringing activities.  As such, Samsung willfully infringed the '906 patent.

3       40.    As a result of Samsung's infringement of the '906 patent, Plaintiff

4   SPH has suffered monetary damages and is entitled to a money judgment in an

5   amount adequate to compensate for Samsung's infringement, but in no event less

6   than a reasonable royalty for the use made of the invention by Samsung,

7   enhancement of damages due to Samsung's willful infringement, and interest and

8   costs as fixed by the Court.

9                              **COUNT IV**

10          **INFRINGEMENT OF U.S. PATENT NO. 5,960,029**

11      41.    Plaintiff SPH realleges and incorporates by reference paragraphs 1-38

12   above, as if fully set forth herein.

13      42.    Plaintiff SPH is the exclusive licensee of United States Patent No.

14   5,960,029 ("the '029 patent") titled "Coherent Dual-Channel QPSK

15   Modulator/Demodulator For CDMA Systems, And Modulating/Demodulating

16   Methods Therefor."  The '029 patent was duly and legally issued by the United

17   States Patent and Trademark Office on September 28, 1999.  SPH is the exclusive

18   licensee, possessing all substantial rights, to the '029 patent pursuant to a license

19   from the Electronics and Telecommunications Research Institute, a South Korean

20   non-profit research organization, the owner of the '029 patent.

21      43.    On information and belief, Samsung makes and sells mobile handsets

22   for use on a wireless network.

23      44.    On information and belief, Samsung has infringed and continues to

24   infringe the '029 patent by, among other things, making, using, offering for sale,

25   and/or selling unlicensed systems, and products and/or services related thereto,

26   covered by one or more claims of the '029 patent.  Such unlicensed products

27   include, by way of example and without limitation, the Samsung ATIV Odyssey,

28   the Samsung Epic 4G, the Samsung Galaxy, the Samsung Galaxy Light, the

RUSS, AUGUST & KABAT

11

Samsung Galaxy Stratosphere II, the Samsung Galaxy Mega, the Samsung Galaxy Note II, the Samsung Galaxy Note III, the Samsung Galaxy Prevail, the Samsung Galaxy Prevail 2, the Samsung Galaxy Rush, the Samsung Galaxy S, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Galaxy S III Mini, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4 Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung Galaxy Exhibit, the Samsung Galaxy Mega, the Samsung Transform Ultra, the Samsung Gravity Q, and the Samsung Replenish, all of which are covered by one or more claims of the '029 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '029 patent, Samsung has injured SPH and is liable to SPH for infringement of the '029 patent pursuant to 35 U.S.C. § 271.

45. Samsung was placed on notice of its infringement of the '029 Patent no later than approximately December 29, 2010.

46. On information and belief, Samsung has also infringed the '029 patent by inducing others, including users of its wireless handsets to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(b).

47. On information and belief, Samsung takes active steps to induce its customers to infringe the '029 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '029 patent. For example, and without limitation, on information and belief, Samsung advertises that customers can utilize its mobile devices to communicate using 3G communications enabled pursuant to CDMA 2000 technology or WCDMA technology. Since at least December of 2010, Samsung has had actual knowledge of the '029 patent and that the use of products and services by its customers

Case 3:14-cv-01474-AJB-JLB   Document 1   Filed 06/17/14   Page 14 of 23

constituted direct infringement of the '029 patent.  Despite this knowledge, Samsung has continued to offer its infringing products, to facilitate and encourage infringing use of its products, and to encourage its customers to use its products and services in a manner that infringes the '029 patent.

48.    On information and belief, Samsung has also infringed the '029 patent by contributing to the infringement of others, including users of unlicensed wireless handsets, to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(c).

49.    On information and belief, Samsung sells devices that are a component of the patented invention of the '029 patent or an apparatus for use in practicing a patented process of the '029 patent and they are especially made or especially adapted for use in infringement of the '029 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by Samsung are apparatus for use in practicing one or more claimed processes of the '029 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '029 patent, including through use in communications using CDMA2000 technology or WCDMA technology.  Samsung sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '029 patent.  Samsung was put on notice of the infringing nature of these goods since at least December of 2010.

50.    Samsung undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '029 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least December of 2010, Samsung has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '029 patent and that the '029 patent is valid.

1   Despite that knowledge, on information and belief, Samsung has continued its

2   infringing activities.  As such, Samsung willfully infringed the '029 patent.

3       51.     As a result of Samsung's infringement of the '029 patent, Plaintiff

4   SPH has suffered monetary damages and is entitled to a money judgment in an

5   amount adequate to compensate for Samsung's infringement, but in no event less

6   than a reasonable royalty for the use made of the invention by Samsung,

7   enhancement of damages due to Samsung's willful infringement, and interest and

8   costs as fixed by the Court.

9                          **COUNT V**

10            **INFRINGEMENT OF U.S. PATENT NO. 8,121,173**

11      52.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-49

12  above, as if fully set forth herein.

13      53.     Plaintiff SPH is the exclusive licensee of United States Patent No.

14  8,121,173 ("the '173 patent") titled "Apparatus And Method For Modulating Data

15  Message By Employing Orthogonal Variable Spreading Factor (OVSF) Codes In

16  Mobile Communicating System."  The '173 patent was duly and legally issued by

17  the United States Patent and Trademark Office on February 21, 2012.  SPH is the

18  exclusive licensee, possessing all substantial rights, to the '173 patent pursuant to a

19  license from the Electronics and Telecommunications Research Institute, a South

20  Korean non-profit research organization, the owner of the '173 patent.

21      54.     On information and belief, Samsung makes and sells mobile handsets

22  for use on a wireless network.

23      55.     On information and belief, Samsung has infringed and continues to

24  infringe the '173 patent by, among other things, making, using, offering for sale,

25  and/or selling unlicensed systems, and products and/or services related thereto,

26  covered by one or more claims of the '173 patent.  Such unlicensed products

27  include, by way of example and without limitation, the Samsung Galaxy, the

28  Samsung Galaxy Light, the Samsung Galaxy Mega, the Samsung Galaxy Note II,

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

the Samsung Galaxy Note III, the Samsung Galaxy S, the Samsung Galaxy S II, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4 Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung Galaxy Exhibit, the Samsung Galaxy Mega, and the Samsung Gravity Q, all of which are covered by one or more claims of the '173 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '173 patent, Samsung has injured SPH and is liable to SPH for infringement of the '173 patent pursuant to 35 U.S.C. § 271.

56.    As a result of Samsung's infringement of the '173 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, and interest and costs as fixed by the Court.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. RE 44,507

57.    Plaintiff SPH realleges and incorporates by reference paragraphs 1-54 above, as if fully set forth herein.

58.    Plaintiff SPH is the exclusive licensee of United States Patent No. RE 44,507 ("the '507 patent") titled "Orthogonal Complex Spreading Method for Multichannel and Apparatus Thereof."  The '507 patent was duly and legally issued by the United States Patent and Trademark Office on September 24, 2013. SPH is the exclusive licensee, possessing all substantial rights, to the '507 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '507 patent.

59.    On information and belief, Samsung makes and sells mobile handsets for use on a wireless network.

RUSS, AUGUST & KABAT

60.     On information and belief, Samsung has infringed and continues to infringe the '507 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '507 patent.  Such unlicensed products include, by way of example and without limitation, the Samsung ATIV Odyssey, the Samsung Epic 4G, the Samsung Galaxy, the Samsung Galaxy Light, the Samsung Galaxy Stratosphere II, the Samsung Galaxy Mega, the Samsung Galaxy Note II, the Samsung Galaxy Note III, the Samsung Galaxy Prevail, the Samsung Galaxy Prevail 2, the Samsung Galaxy Rush, the Samsung Galaxy S, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Galaxy S III Mini, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4 Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung Galaxy Exhibit, the Samsung Galaxy Mega, the Samsung Transform Ultra, the Samsung Gravity Q, and the Samsung Replenish, all of which are covered by one or more claims of the '507 patent, including but not limited to claim 104.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '507 patent, Samsung has injured SPH and is liable to SPH for infringement of the '507 patent pursuant to 35 U.S.C. § 271.

61.     As a result of Samsung's infringement of the '507 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, and interest and costs as fixed by the Court.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. RE 44,530

62.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-59 above, as if fully set forth herein.

16

63.     Plaintiff SPH is the exclusive licensee of United States Patent No. RE 44,530 ("the '530 patent") titled "Apparatus for Making a Random Access to the Reverse Common Channel of a Base Station in CDMA and Method Therefor." The '530 patent was duly and legally issued by the United States Patent and Trademark Office on October 8, 2013.  SPH is the exclusive licensee, possessing all substantial rights, to the '530 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '530 patent.

64.     On information and belief, Samsung makes and sells mobile handsets for use on a wireless network.

65.     On information and belief, Samsung has infringed and continues to infringe the '530 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '530 patent.  Such unlicensed products include, by way of example and without limitation, the Samsung Galaxy, the Samsung Galaxy Light, the Samsung Galaxy Mega, the Samsung Galaxy Note II, the Samsung Galaxy Note III, the Samsung Galaxy S, the Samsung Galaxy S II, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4 Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung Galaxy Exhibit, the Samsung Galaxy Mega, and the Samsung Gravity Q, all of which are covered by one or more claims of the '530 patent, including but not limited to claim 222.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '530 patent, Samsung has injured SPH and is liable to SPH for infringement of the '530 patent pursuant to 35 U.S.C. § 271.

66.     As a result of Samsung's infringement of the '530 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Samsung's infringement, but in no event less

than a reasonable royalty for the use made of the invention by Samsung, and interest and costs as fixed by the Court.

## COUNT VIII

### INFRINGEMENT OF U.S. PATENT NO. 8,565,346

67.   Plaintiff SPH realleges and incorporates by reference paragraphs 1-64 above, as if fully set forth herein.

68.   Plaintiff SPH is the exclusive licensee of United States Patent No. 8,565,346 ("the '346 patent") titled "Apparatus for Transmitting and Receiving Data to Provide High-Speed Data Communication and Method Thereof."  The '346 patent was duly and legally issued by the United States Patent and Trademark Office on October 22, 2013.  SPH is the exclusive licensee, possessing all substantial rights, to the '346 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '346 patent.

69.   On information and belief, Samsung makes and sells mobile handsets capable of wireless local area network connectivity.

70.   On information and belief, Samsung has infringed and continues to infringe the '346 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '346 patent.  Such unlicensed products include, by way of example and without limitation, the Samsung ATIV Odyssey, the Samsung Epic 4G, the Samsung Galaxy, the Samsung Galaxy Light, the Samsung Galaxy Stratosphere II, the Samsung Galaxy Mega, the Samsung Galaxy Note II, the Samsung Galaxy Note III, the Samsung Galaxy Rush, the Samsung Galaxy S, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Galaxy S III Mini, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4 Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung Galaxy Exhibit, the Samsung Galaxy Mega, and the Samsung

RUSS, AUGUST & KABAT

Transform Ultra, all of which are covered by one or more claims of the '346 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '346 patent, Samsung has injured SPH and is liable to SPH for infringement of the '346 patent pursuant to 35 U.S.C. § 271.

71.     As a result of Samsung's infringement of the '346 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, and interests and costs as fixed by the Court.

## COUNT IX

## INFRINGEMENT OF U.S. PATENT NO. 8,532,231

72.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-69 above, as if fully set forth herein.

73.     Plaintiff SPH is the exclusive licensee of United States Patent No. 8,532,231 ("the '231 patent") titled "Apparatus for Transmitting and Receiving Data to Provide High-Speed Data Communication and Method Thereof."  The '231 patent was duly and legally issued by the United States Patent and Trademark Office on September 10, 2013.  SPH is the exclusive licensee, possessing all substantial rights, to the '231 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '231 patent.

74.     On information and belief, Samsung makes and sells mobile handsets capable of wireless local area network connectivity.

75.     On information and belief, Samsung has infringed and continues to infringe the '231 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '231 patent.  Such unlicensed products

19

include, by way of example and without limitation, the Samsung ATIV Odyssey, the Samsung Epic 4G, the Samsung Galaxy, the Samsung Galaxy Light, the Samsung Galaxy Stratosphere II, the Samsung Galaxy Mega, the Samsung Galaxy Note II, the Samsung Galaxy Note III, the Samsung Galaxy Rush, the Samsung Galaxy S, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Galaxy S III Mini, the Samsung Galaxy S3, the Samsung Galaxy S4, the Samsung Galaxy S4 Active, the Samsung Galaxy S 5, the Samsung Galaxy S Blaze, the Samsung Galaxy Exhibit, the Samsung Galaxy Mega, and the Samsung Transform Ultra, all of which are covered by one or more claims of the '231 patent, including but not limited to claim 35.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '231 patent, Samsung has injured SPH and is liable to SPH for infringement of the '231 patent pursuant to 35 U.S.C. § 271.

76.     As a result of Samsung's infringement of the '231 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, and interests and costs as fixed by the Court.

## III.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPH respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff SPH that Samsung has infringed, either literally and/or under the doctrine of equivalents, the '385 patent, the '253 patent, the '906 patent, the '029 patent, the '173 patent, the '507 patent, the '530 patent, the '346 patent, and the '231 patent;

2.     A judgment in favor of Plaintiff SPH that Samsung has induced infringement of the '385 patent, the '253 patent, the '906 patent, and the '029 patent;

3.     A judgment in favor of Plaintiff SPH that Samsung has contributed to the infringement of the '385 patent, the '253 patent, the '906 patent, and the '029 patent;

4.     A judgment in favor of Plaintiff SPH that Samsung has willfully infringed the '385 patent, the '253 patent, the '906 patent, and the '029 patent;

5.     A judgment and order requiring Samsung to pay Plaintiff SPH its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Samsung's infringement of the '385 patent, the '253 patent, the '906 patent, the '029 patent, the '173 patent, the '507 patent, the '530 patent, the '346 patent, and the '231 patent;

6.     A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

7.     A judgment and order that this case is exceptional and requiring Samsung to pay Plaintiff SPH reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

8.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

**IV.    DEMAND FOR JURY TRIAL**

Plaintiff SPH requests a trial by jury of any issues so triable.


DATED:  June 17, 2014                    RUSS, AUGUST & KABAT
                                         Larry C. Russ
                                         Marc A. Fenster
                                         Brian D. Ledahl
                                         Alexander C.D. Giza
                                         J. Power Hely VI


                                         By:  /s *J. Power Hely VI*
                                              J. Power Hely VI
                                              Attorneys for Plaintiff
                                              SPH America, LLC

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS
SPH America, LLC

**(b)**   County of Residence of First Listed Plaintiff   Fairfax County, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025   Telephone: 310-826-7474

## DEFENDANTS
Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

County of Residence of First Listed Defendant   Seoul, Republic of Korea
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

'14CV1474 AJB  JLB

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☒ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. s. 271
Brief description of cause:
Patent Infringement

## VII.  REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Hon. Cathy Ann Bencivengo
DOCKET NUMBER   09cv02535 CAB (KSC)

DATE
06/17/2014

SIGNATURE OF ATTORNEY OF RECORD
/s  Power Hely VI

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                 APPLYING IFP                 JUDGE                 MAG. JUDGE